IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BIG LOTS STORES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 5:05-CV-147 (CAR) |
| ) | |
| GRAY HIGHWAY PARTNERS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S RULE 67 MOTION
FOR LEAVE TO DEPOSIT DISPUTED FUNDS IN COURT REGISTRY**

Plaintiff Big Lots Stores, Inc. submits this Brief in Support of its Rule 67 Motion for Leave to Deposit Disputed Funds in Court Registry, and shows the following:

**Statement of Case and Procedural History**

In this action, Plaintiff contends that Defendant Gray Highway Partners is in breach of the parties' commercial Lease Agreement (the "Lease") because Defendant has leased space in the same development to a "Competing Business" expressly prohibited by the terms and conditions of the Lease. Plaintiff claims this continuing breach entitles Plaintiff to certain relief including, but not limited to, the remedy of reduced rent, as explicitly provided in the Lease. [See Petition for Declaratory Judgment & Other Relief]. On this Motion, Plaintiff seeks to deposit all rent in the Court's registry, pending final resolution of this action.

Plaintiff and Defendant executed the Lease in October 2003. The Lease concerned certain commercial space within a development located at 1340 Gray Highway, Macon, Georgia 31211, known as "Market Square Shopping Center" (the

"Shopping Center").  During the "Original Term"[1] of the Lease, Plaintiff was to pay "Fixed Minimum Rent" in equal monthly installments of $12,080.00; "Percentage Rent" equal to 2.5 % of the amount Plaintiff's "Gross Sales" exceeded the annual base sum of $5,798,400.00; and other charges, as specifically defined in the Lease (all of the foregoing are collectively referred to hereinafter as "Rent").  [See Lease, § 5, pp. 7-13; Affidavit of Tim Kolp, filed contemporaneously with this Motion].

The Lease included limitations concerning the permitted uses of other Shopping Center tenants besides Plaintiff.  The Lease states, in pertinent part:

> except for tenants open and operating for business in the Shopping Center as of the date of the lease, no other liquidator, closeout store, discount furniture, or dollar store operation ("Competing Business") may be permitted in the Shopping Center during the Original Term of this Lease or any Option Terms or extensions thereof. Notwithstanding the foregoing, a single dollar store operation not exceeding 10,000 square feet shall be permitted, as well as a full line furniture store exceeding 15,000 square feet and not specializing in any one particular type of furniture item or related items ("Excepted Businesses"). The Excepted Businesses shall not be considered a Competing Business.

[Lease, § 4, p. 6].  In the event a "Competing Business" is operated in the Shopping Center, the Lease provides Plaintiff the remedy of reduced "monthly Rent equal to the lesser of two and one-half percent (2.5 %) of Gross Sales for such month or one-twelfth (1/12th) of the annual Fixed Minimum Rent, such amount to be payable within thirty (30) days after the month for which it is due."  [Id. at § 4, p. 6; Kolp Aff.].

In April 2004, Plaintiff opened a "Big Lots" store in the space it leased from Defendant.  This store has been in operation ever since, and Plaintiff has paid all Rent due under the terms of the Lease.  [Kolp Aff.].

---

[1] Defined as "a period commencing on the Term Commencement Date as defined in Article 1.B(4) above and ending January 31, 2009."  [Lease, § 3, p. 5].  A copy of the Lease is attached to Plaintiff's Petition - Defendant admits in its Answer, paragraph 5, that this copy is a true and accurate copy of the parties' final agreements with respect to this Lease.

Subsequent to the execution of the Lease, Defendant leased other commercial space in the Shopping Center to "Dollar General Market."[2] Following that tenant opening for business at the Shopping Center in February 2005, Plaintiff learned of this Dollar General Market. Plaintiff promptly notified Defendant that Dollar General Market was a "Competing Business" prohibited by the terms of their Lease, and that Plaintiff would be seeking the remedy of reduced Rent, as provided in the Lease.  [Kolp Aff.]. Defendant responded that it would consider any adjustment in Rent to be an actionable default.  [Kolp Aff.; and see 3/2/05 letter from D. Hollingsworth to K. Halley, attached as Exhibit B to Answ. & Countercl.].

On March 29, 2005, Plaintiff filed this action for declaratory judgment and other relief in the Superior Court of Bibb County, pursuant to O.C.G.A. § 9-4-1, *et seq.*  On May 4, Defendant removed the case to this Court based on diversity jurisdiction, and filed its Answer and Counterclaim.  On May 24, Plaintiff filed its Reply to Counterclaim.

To date, Plaintiff has in good faith paid the total Rent specified in the Lease within the time periods specified therein – as if Defendant's breach had not occurred – to avoid any appearance or perception of default. Plaintiff has continued to pay all disputed amounts under protest and upon notice to Defendant that Plaintiff would continue to seek to enforce its right to reduced rent, and to recoup any disputed amounts already paid during the period of Defendant's breach.  [Kolp Aff.].

---

[2] Defendant claims that on January 4, 2004, it leased 8,420 square feet of Market Square Shopping Center to Dolgencorp, Inc., for the operation of a "dollar store operation" called "Dollar General"; and that on October 1, 2004, Defendant entered into a new agreement with Dolgencorp, Inc., whereby it leased 31,284 square feet of its Market Square Shopping Center for the operation of a "Dollar General Market." [Answ. & Countercl., p. 7, ¶ 4].

In lieu of continued payments in this regard, Plaintiff now seeks the Court's permission to deposit all Rent in the Court's registry, pursuant to Rule 67 of the Federal Rules of Civil Procedure.

### **Argument and Citations of Authority**

Certainly, Plaintiff's request is authorized under Rule 67, which provides,

> In any action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money…, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing….

Fed. R. Civ. P. 67.  The decision to permit a party to deposit funds is within the court's discretion.  *American National Prop. & Cas. Co. v. Lindgren*, 736 F. Supp. 275, 276 n.1 (N.D. Ga. 1990).  The Rule is designed to provide a place of safekeeping for disputed funds pending resolution of a legal dispute, "while the parties hash out their differences with respect to it."  *American National Prop. & Cas. Co.*, 736 F. Supp. at 276; *Gulf States Utilities Co. v. Alabama Power Co.*, 824 F.2d 1465, 1474 (5th Cir. 1987); quoting *Cajun Elec. Power Coop., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 444-45 (5th Cir. 1990).

Under the language of Rule 67 and its interpretive case law, the Court should permit Plaintiff to deposit all Rent in the Court's registry on a monthly basis.  This case clearly falls within the Rule's purview.  All of "the relief sought is a judgment for a sum of money or the disposition of a sum of money," as Plaintiff is seeking "judgment" to recoup the Rent already paid during Defendant's breach, and proper "disposition" of these same disputed amounts as they become due in the future. Without question, these funds are in "dispute," as Defendant has denied Dollar General Market is a

"Competing Business" and denied that Plaintiff is entitled to the reduced Rent specified in the Lease. [Answ. & Countercl.].

It is of no consequence that Plaintiff claims an interest in these disputed funds. "The 1983 amendment to Rule 67 makes clear that the depositor may have an interest in the deposited funds." *Gulf States*, 824 F.2d at 1474. The Rule explicitly states that a party "may deposit… all or any part of such sum…, whether or not that party claims all or any part of the sum or thing…." Fed. R. Civ. P. 67. "Once funds are deposited, the court should determine ownership and make disbursements." *Gulf States*, 824 F.2d at 1474 (citing *Baxter v. United Forest Products Co.*, 406 F.2d 1120 (8th Cir.) (court holds deposits as trustee for the true owner), cert. denied, 394 U.S. 1018, 89 S. Ct. 1635, 23 L. Ed. 2d 42 (1969)). Furthermore, the Rule minimizes any concern that the deposit would deprive the other party of use of the funds, as it makes clear that funds are to be deposited in interest bearing accounts or instruments. Fed. R. Civ. P. 67; *and see*, *American Nat. Prop. & Cas. Co.*, 736 F. Supp. at 276. "Except in extreme cases of need, the interest should compensate for the loss of use of the money." *American Nat. Prop. & Cas. Co.*, 736 F. Supp. at 276.

For these reasons, Plaintiff should be allowed to deposit all Rent in the Court's registry in accordance with Rule 67. At the present time, Plaintiff is paying full rent in the amount of $12,080.00 per month, as well as monthly deposits for Common Area Charges and insurance (as the same are described in the Lease). [Kolp Aff.].

**Conclusion**

In view of the above, Plaintiff submits that it is entitled to deposit the Rent in the registry of the Court, and would therefore request the Court's Order granting Plaintiff's Motion for Leave and permitting said deposits with the Clerk of the Court, pursuant to Rule 67.

This 15th day of July, 2005.

s/ **John J. Makowski**
John J. Makowski
Chambless, Higdon, Richardson, Katz & Griggs, LLP
P.O. Box 246
Macon, GA  31202-0246
Telephone:  478/745-1181
Facsimile:  478/746-9479
Email:  jmakowski@chrkglaw.com
Georgia Bar No. 466962
Attorney for Plaintiff


s/ **Jon C. Wolfe**
Jon C. Wolfe
Chambless, Higdon, Richardson, Katz & Griggs, LLP
P.O. Box 246
Macon, GA  31202-0246
Telephone:  478/745-1181
Facsimile:  478/746-9479
Email:  cwolfe@chrkglaw.com
Georgia Bar No. 773352
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BIG LOTS STORES, INC., | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 5:05-CV-147 (CAR) ) |
| GRAY HIGHWAY PARTNERS, LLC, | ) ) |
|     Defendant. | ) ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2005 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: H. Jerome Strickland – **jerome.strickland@jonescork.com**, Allison M. Jackson – **allison.jackson@jonescork.com**, and Matthew T. Strickland – **matt.strickland@jonescork.com**.

                                                              **s/ John J. Makowski**
                                                              John J. Makowski
                                                              Chambless, Higdon, Richardson, Katz & Griggs, LLP
                                                              P.O. Box 246
                                                              Macon, GA  31202-0246
                                                              Telephone: 478/745-1181
                                                              Facsimile:  478/746-9479
                                                              Email:  jmakowski@chrkglaw.com
                                                              Georgia Bar No. 604325
                                                              Attorney for Plaintiff