IN THE UNITED STATES DISTRICTCOURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **BIG LOTS STORES, INC.,** : | |
| : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 5:05-cv-147 (CAR) |
| : | |
| **GRAY HIGHWAY PARTNERS, LLC,** : | |
| : | |
| Defendant. : | |

**ORDER ON MOTION FOR LEAVE TO DEPOSIT FUNDS**

Pursuant to Rule 67 of the Federal Rules of Civil Procedure, Plaintiff Big Lots Stores, Inc. ("Plaintiff") seeks leave to deposit disputed funds into the registry of the Court pending resolution of its claims for declaratory judgment. The dispute in this case arises from a lease between the parties, and the disputed funds are rent payments potentially due under the lease. In October 2003 Plaintiff entered into a lease agreement with Defendant Gray Highway Partners, LLC ("Defendant") to lease a storefront at the Market Square Shopping Center on Gray Highway in Macon, Georgia. Under the terms of the lease, the monthly rent was to be $12,080.00 plus "percentage rent" equal to 2.5% of Plaintiff's gross sales in excess of $5,798,400.00 annually.

The lease also contained a clause that reduced the rent in the event that Defendant allowed a "Competing Business" to operate in the same shopping center. The lease defined "Competing Business" as a "liquidator, closeout store, discount furniture, or dollar store operation." In its Petition for Declaratory Judgment and Other Relief, Plaintiff alleges that Defendant leased space in the shopping center to Dollar General Market Store ("Dollar General") in February 2005. Plaintiff contends that Dollar General is a competing business and seeks a declaratory judgment that

1

it is entitled to pay the reduced rent provided in the lease. In response, Defendant denies that Dollar General is a competing business and further alleges that the reduced rent provisions of the lease are an unenforceable penalty under the Georgia contract law. Since Defendant's alleged breach in February, Plaintiff has continued to pay the full original rent, under protest. Should Plaintiff prevail on its declaratory judgment claim, it will also seek to recover the excess rent it has paid since Dollar General began occupying the shopping center. In its motion to deposit funds, Plaintiff asks for leave to deposit its future rent payments into the registry of the Court pending resolution of the dispute.

Leave to deposit the rent payments is appropriate under the circumstances in this case. Rule 67 of the Federal Rules of Civil Procedure provides:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing.

Rule 67 grants district courts discretion to accept such deposits "to relieve the depositor of responsibility for a fund in dispute while the parties hash out their differences with respect to it." Cajun Elec. Power Coop., Inc. v. Riley Stoker Corp., 901 F.2d 441, 444-45 (5th Cir. 1990). In this case there is a genuine dispute over the difference between the full monthly rent and the reduced rent prescribed in case of breach of the competing business clause. At the end of the litigation, either Plaintiff or Defendant will be entitled to this money. In good faith, Plaintiff has opted to continue paying the full rent amount under protest, rather than declaring a breach and paying the reduced rent. If Plaintiff prevails, it will be entitled to a refund of the excess rent it has paid. If Defendant prevails, it will be entitled to keep the full amount of rent paid.

Although there is very little case law related to Rule 67, the case of <u>Gulf States Utilities Co. v. Alabama Power Co.</u>, 824 F.2d 1465 (5th Cir. 1987), is directly analogous to this case. In <u>Gulf States</u> the plaintiff power company brought suit for declaratory judgment, seeking to avoid contractual obligations to purchase electricity from another power company. The court held that the district court did not abuse its discretion in granting the plaintiff's Rule 67 motion and allowing the plaintiff to deposit sums due on the contract, pending resolution of the declaratory judgment action. If the contract were enforced, the funds would go to the defendant. If the contract were set aside, the funds would go to the plaintiff. As in this case, the court in <u>Gulf States</u> noted that the plaintiff "could have breached its contracts . . . and withheld money from [the defendant] and the court," but the court saw no reason to force the plaintiff to do so. <u>Id</u>. at 1475. As in <u>Gulf States</u>, Plaintiff in this case seeks a declaratory judgment regarding its contractual obligation to make continuing payments. In both cases, the funds in question go to one party or the other depending on the outcome. The Court is persuaded to follow the Fifth Circuit's example and permit deposit in this case.

Deposit of the funds under Rule 67 will promote the fair resolution of the case. It will reduce the degree of leverage that one party might seek to use in any settlement negotiations and take away an incentive for either party to delay the resolution of this matter. In addition, it will decrease the possibility that the losing party will be unable or unwilling to pay. Defendant will not be deprived of the benefit of its bargain, as the money will be held in an interest-bearing account during the pendency of this litigation. The purpose of this litigation is to determine what the true benefit of its bargain was. As the conclusion of the case, each party will receive the amount to which it is entitled under the contract.

Plaintiff's Motion for Leave to Deposit Funds (Doc. 18) is accordingly **GRANTED**. Plaintiff may deposit into the registry of the Court, each month, the difference between the full rental rate and the reduced rate as defined in the lease agreement. Plaintiff shall serve a copy of this Order upon the Clerk of Court, who is directed to deposit the tendered funds into an appropriate interest-bearing account in accordance with the provisions of 28 U.S.C. § 2041 and 2042. Plaintiff must continue to pay directly to Defendant the reduced rate defined in the contract, as Defendant will be entitled to that money regardless of the outcome of the litigation.

**SO ORDERED**, this the 17th day of October, 2005.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge